**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM P. JACKSON | : | |
| | : | |
| Appellant | : | No. 66 WDA 2024 |

Appeal from the PCRA Order Entered December 14, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003753-2020

BEFORE: BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: September 17, 2024**

William P. Jackson appeals from the December 14, 2023 order dismissing his amended petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

A detailed recitation of the factual background is not relevant to our disposition and need not be reiterated in full here. The pertinent procedural history of this matter, as gleaned from the certified record, is as follows: On January 6, 2022, Appellant entered into a negotiated guilty plea to one count of burglary.[1] Appellant was sentenced that same day to five years' probation, with the first year to be served on electronic home monitoring, and

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3502(a)(2).

$133,000.00 in restitution. Appellant did not file post-sentence motions or a direct appeal.

On March 7, 2022, Appellant's plea counsel, Nina Martinelli, Esq., informed the PCRA court that Appellant desired to file an appeal. Given that the appellate window had already expired, the PCRA court treated this as a *pro se* request under the PCRA and appointed Rachel Santoriella, Esq. to represent Appellant on March 9, 2022. On June 1, 2022, Attorney Santoriella filed a motion to withdraw and no-merit letter in accordance and a *Turner*/*Finley*.[2] Thereafter, Appellant, who was incarcerated at a Federal Correctional Institution in Youngstown, Ohio, filed several *pro se* responses to the *Turner/Finley* letter and requested the appointment of new counsel. Accordingly, on September 22, 2022, the PCRA court granted Attorney Santoriella's motion to withdraw and appointed George Mizak, Esq. to represent Appellant. Attorney Mizak (hereinafter, "PCRA counsel") filed a motion for an extension of time to file an amended PCRA petition, which was granted by the PCRA court on January 4, 2023. On January 18, 2023, PCRA counsel filed a "Petition to Enforce Plea Agreement" and an amended PCRA petition on Appellant's behalf.

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

On November 2, 2023, the PCRA court provided Appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). On November 21, 2023, PCRA counsel filed a response on Appellant's behalf to the PCRA court's Rule 907 notice. Thereafter, on December 14, 2023, the PCRA court entered an order dismissing Appellant's petition without a hearing. This timely appeal followed on January 10, 2024.[3]

Appellant raises the following issues for our review:

1. Did the PCRA court err in dismissing Appellant's amended PCRA petition without a hearing as [Appellant] averred that his plea was induced by certain off-the-record assertions and statements of counsel which, if proven true, would result in the ineffective assistance of counsel in the entry of Appellant's guilty plea?

2. Did the PCRA Court err in dismissing Appellant's amended PCRA petition without a hearing where Appellant averred that the trial court improperly participated in the plea bargaining process which, if proven, would render his plea involuntary or unlawful and entitle [Appellant] to the withdrawal of the plea and would render plea counsel ineffective in permitting Appellant to enter an invalid plea?

Appellant's brief at 3.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***,

---

[3] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

This Court has continually recognized that has "there is no absolute right to an evidentiary hearing on a PCRA petition[.]" *Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa.Super. 2019) (citation omitted), *appeal denied*, 218 A.3d 380 (Pa. 2019). When the PCRA court denies a petition without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa.Super. 2004). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted).

Both of Appellant's underlying claims concern the purported ineffectiveness of his plea counsel. Specifically, Appellant first contends that

an evidentiary hearing was warranted in this matter because his plea counsel's ineffectiveness in making "certain off-the-record assertions and statements" induced him into entering an involuntary guilty plea. Appellant's brief at 8.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), *appeal denied*, 30 A.3d 487 (Pa. 2011). "If a petitioner fails to prove any of these prongs, his claim fails." *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013).

Upon review, we find that Appellant's ineffectiveness claim fails because he failed to satisfy the first and third prongs of the aforementioned test; namely, that his claim has arguable merit and he suffered actual prejudice as a result of plea counsel's actions. The record reflects that Appellant "offers nothing more than his own bare-boned assertions regarding the alleged 'off-the-record' promises," *see* PCRA court order, 12/14/23 at 2, and that his failure to attach a witness certification from plea counsel to any of his pleadings eviscerates his claim. *See Commonwealth v. Brown*, 767 A.2d 576, 583 (Pa.Super. 2001) (concluding that a PCRA court did not abuse its discretion by failing to conduct an evidentiary hearing when the petitioner failed to provide any certifications for potential witnesses); *see also* 42 Pa.C.S.A. § 9545(d)(1).

As further recognized by the PCRA court,

> [T]he 'off-the-record' promises that purportedly induced [Appellant's] plea mainly related to [his] ability to care for his mother while on house arrest. This concern was specifically raised by plea counsel at the time of the plea hearing, and, if she had misstated [Appellant's] concern or failed to include all of the details regarding [Appellant's] understanding of his ability to see his mother on house arrest, [Appellant] could have interjected at any point during the plea hearing to confirm his understanding of the issue. He did not do so, and as clearly seen on the record, [Appellant] had absolutely no problem speaking all throughout his plea hearing.

PCRA court order, 12/14/23 at 3 (citations and footnote omitted).

"In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v. Reed**, 42 A.3d 314, 319 (Pa.Super. 2012) (citations omitted), **appeal denied**, 114 A.3d 416 (Pa. 2015). Appellant has failed to satisfy this burden. Accordingly, we find no error in the PCRA court's disposition of this claim.

Appellant next argues that plea counsel was ineffective in filing to object to the trial court's improper participation in the plea negotiation process, to the extent it rendered his guilty plea invalid. Appellant's brief at 13. This claim is belied by the record.

We find that Appellant's ineffectiveness claim fails because he again failed to satisfy the first prong of the aforementioned test; namely, that this claim has any arguable merit. On the contrary, our review of the record reveals that the trial court did not actively participate in the plea negotiation process. Appellant's brief fails to specifically cite to any improper statements or involvement by the trial court in the plea process. Accordingly, this claim is devoid of merit and must fail.

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing Appellant's amended PCRA petition without conducting an evidentiary hearing and affirm its December 14, 2023 order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/17/2024